Edward A. BARSCH, Plaintiff—Appellant,

v.

Michael O'TOOLE, individually acting under color of law as Hayward City Attorney; et al., Defendants—Appellees.

No. 07–17385.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**638**

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Edward A. Barsch, Hayward, CA, for Plaintiff–Appellant.

Randolph S. Hom, Hayward, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Edward A. Barsch appeals pro se from the district court's summary judgment in favor of law-enforcement personnel and city district attorneys in his 42 U.S.C. § 1983 action regarding entry into his house and seizure of weapons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm.

█ The district court correctly determined that the defendant district attorneys were entitled to absolute prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and that the defendant police officers are entitled to qualified immunity, because Barsch has not shown that they violated his constitutional rights, *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

█ The district court correctly determined that Barsch's Fourth Amendment rights were not violated when police officers entered his house in conducting a protective sweep based on reports of multiple guns on this premises in the possession of Barsch's bipolar son, who reportedly was not taking his medication, making death threats, and saying that he had stabbed someone the night before. *See Maryland v. Buie*, 494 U.S. 325, 327, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) (holding that officers are not required to obtain a warrant for a protective sweep if it is "a quick and limited search of the premises" and done to protect the safety of the officers and others).

█ The district court also correctly determined that Barsch's Fourteenth

Amendment due process rights were not violated by the sale/destruction of the weapons found in his house, because Barsch knew that the weapons were seized in connection with his son's criminal case, that they were subject to being sold or destroyed, and yet he failed to intervene in his son's criminal proceedings to explain any claim that he had to the seized weapons. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir.1998) ("The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner." (citation and internal quotations omitted)).

Barsch's remaining contentions are not persuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.